Bonich, Plaintiff in error, vs. The State, Defendant in error.

*October 17—November 11, 1930.*

For the plaintiff in error there was a brief by *Brennan, Lucas & McDonough* of Milwaukee, and oral argument by *Gerald T. McDonough.*

For the defendant in error there was a brief by *George A. Bowman,* district attorney of Milwaukee county, and *George B. Skogmo* and *Louis S. Wiener,* assistant district attorneys, and oral argument by *Mr. Bowman.*

Rosenberry, C. J. The first and principal contention of the plaintiff, hereinafter called the defendant, is that the

court erroneously required Dr. John J. Wilkinson to testify to facts respecting the pregnancy of Mrs. Lisiecki in violation of sec. 325.21, Stats., which is as follows:

"No physician or surgeon shall be permitted to disclose any information he may have acquired in attending any patient in a professional character, necessary to enable him professionally to serve such patient, except only (1) in trials for homicide when the disclosure relates directly to the fact or immediate circumstances of the homicide, (2) in all lunacy inquiries, (3) in actions, civil or criminal, against the physician for malpractice, (4) with the express consent of the patient, or in case of his death or disability, of his personal representative or other person authorized to sue for personal injury, or for the beneficiary of an insurance policy on his life, health, or physical condition."

The foregoing section must be considered in connection with sec. 325.26, which is as follows:

"No person, except the defendant, shall be excused or privileged from testifying fully in any prosecution brought under the provisions of section 340.16 or 351.22, when ordered to testify by a court of record or any judge thereof; but no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which such person may so testify or produce evidence, except for perjury committed in giving such testimony."

It is contended that the decision in *State v. Law,* 150 Wis. 313, 136 N. W. 803, 137 N. W. 457, where it was held that the enactment of what is now sec. 325.26 took away not only the privilege against self-incrimination but also the special privilege of a physician under what is now sec. 325.21, has been neutralized by the amendment of sec. 325.21 by ch. 334 of the Laws of 1927. Prior to this amendment in 1927, the section read as follows:

"No person duly authorized to practice physic or surgery shall be permitted to disclose any information which he may have acquired in attending any patient in a profes-

sional character, and which information was necessary to enable him to prescribe for such patient as a physician or to do any act for him as a surgeon; but as a witness in his own behalf, he may disclose such information in any civil action brought by such patient or his legal representatives to recover damages for malpractice in such professional attendance, and also in any criminal prosecution for such malpractice, whenever such patient or his legal representatives shall have first given evidence relating to such information; and also when the patient or those authorized to bring and who do bring actions for personal injury in case of the patient's death permit the physician in writing to do so."

Comparing the section as amended with the section as it stood prior to the amendment, it is apparent that it was the purpose of the legislature to enlarge the class of cases in which a physician might be permitted to disclose information which he had acquired in attending a patient in a professional capacity rather than to restrict it. As the statute stood after the amendment, a physician might be required to disclose facts so acquired (1st) in all homicide cases, not only those resulting from abortion, (2d) in all lunacy inquiries, and the other provisions of the amendment are a mere rewriting of the remaining parts of the statute. No change was made in sec. 325.26. It is therefore considered that the legislature having before it both sections, with the decision of the court in *State v. Law, supra,* it did not intend to further restrict the operation of sec. 325.26 to cases of abortion which resulted in death. The crime of abortion, by reason of the fact that there must be a certain element of complicity of all the parties to the transaction, affords a strong basis for the separate treatment which it received at the hands of the legislature. While the use of the word *only* in the amendment of 1927 affords some basis for the argument made here in behalf of the defendant, the reasons upon which the decision in *State v. Law* rests apply as strongly to the statute as amended as it did to the statute as it stood at the time of the decision in *State v. Law.*

The court permitted evidence as to statements made by Mrs. Lisiecki that she was pregnant and intended to have an abortion performed, that she wanted to get rid of the baby and that she was going to have an operation, and other statements of like character. Mrs. Lisiecki was a witness in this case and admission of hearsay evidence of this sort was clearly error. However, this evidence under the facts in this case could not have been prejudicial. The facts to which the hearsay testimony relate were testified to by Mrs. Lisiecki herself and there was no contradiction in respect to them. The fact of pregnancy seems to have been established as clearly and positively as such a fact can be established. Trial courts, however, should not permit the introduction of testimony of this character as it serves no useful purpose and might in a close case constitute prejudicial error.

We have examined the other errors assigned and find no prejudicial error and do not deem the questions raised of sufficient importance to merit further treatment.

*By the Court.*—Judgment affirmed.